E. M. HOLT PLAID MILLS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8745.   Promulgated January 17, 1928.

*E. S. Parker, Jr., Esq.*, and *Jessie I. Miller, Esq.*, for the petitioner. *Benton Baker, Esq.*, for the respondent.

OPINION.

LITTLETON: We have carefully considered the evidence submitted by the petitioner and from it we are of the opinion that the Commissioner's allowance for depreciation on the brick mill building at 2½ per cent per annum is correct and that the allowance for exhaustion, wear and tear of machinery and equipment should be computed at the rate of 11½ per cent, as claimed by the petitioner. The evidence submitted in support of petitioner's claim that the contributions mentioned should be allowed as a deduction from gross income as an ordinary and necessary business expense is very general and does not in the opinion of the Board establish that the contributions were ordinary and necessary expenses of carrying on the business of the petitioner. It has not been shown that the making of these contributions resulted in any direct benefit to petitioner in carrying on its business. Little more than the fact that the contributions were made is shown. The statute does not authorize the deduction by corporations of contributions of this character, and they

should be allowed only upon a clear showing of a direct benefit to the corporation so as to clearly come within the term ordinary and necessary business expenses. Contributions of this character are not ordinary expenses as that term is used in the statute, and we can not say from the evidence that these contributions were necessary expenses. None of the churches were located in the petitioner's mill village. They were located in the town of Burlington and were attended and maintained by the residents of the town and surrounding communities. Although petitioner's employees attended these churches, it has not been shown that these contributions were necessary in order to afford petitioner's employees church facilities. What has been said with reference to the contributions to the churches is also true of the other contributions mentioned. The evidence submitted does not bring this case within the rule laid down by the Board in *Appeal of Poinsett Mills*, 1 B. T. A. 6. We think the Commissioner correctly denied the deductions as ordinary and necessary expenses in carrying on petitioner's business.

*Judgment will be entered on 10 days' notice, under Rule 50.*